UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| NEW WORLD MONTESSORI SCHOOL, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | EP-24-CV-00322-DCG |
| THE UNITED STATES OF AMERICA; and THE UNITED STATES INTERNAL REVENUE SERVICE, | § § § § § § | |
| *Defendants*. | § § | |

## ORDER REQUIRING PLAINTIFF TO VALIDLY SERVE DEFENDANTS IN ACCORDANCE WITH FEDERAL RULE OF CIVIL PROCEDURE 4(i)

Plaintiff New World Montessori School has named (1) the United States of America and (2) the IRS as Defendants in the above-captioned case.[1]  Plaintiff has now filed documents purporting to show that its process server has served both Defendants with process.[2]  As the Court now explains, though, those documents don't establish that Plaintiff has validly served *either* Defendant in conformance with the Federal Rules of Civil Procedure.

---

[1] Compl., ECF No. 1, at 1.

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, not the document's internal pagination.

[2] *See* U.S. Proof Serv., ECF No. 7, at 1; IRS Proof Serv., ECF No. 6, at 1.

I.   **Plaintiff Hasn't Yet Validly Served the United States**

To validly serve the United States, someone "who is at least 18 years old and not a party" to the case[3] must:

(A)   either:

(i)   "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk"—or

(ii)   "send a copy of [the summons and complaint] by registered or certified mail to civil-process clerk at the United States attorney's office;"

and

(B)   "send a copy of [the summons and complaint] by registered or certified mail to the Attorney General of the United States at Washington D.C."[4]

Service on the United States isn't complete until *both* Precondition (A) and Precondition (B) above are satisfied.[5]

---

[3] *See* FED. R. CIV. P. 4(c)(2).

[4] FED. R. CIV. P. 4(i)(1)(A)–(B).

A third precondition applies if the plaintiff is "challeng[ing] an order of a nonparty agency or officer of the United States": the plaintiff's process server must also "send a copy of [the summons and complaint] by registered or certified mail to th[at] agency or officer." FED. R. CIV. P. 4(i)(1)(C). Plaintiff isn't challenging an order of a *nonparty* agency or officer here, *see generally* Compl. (exclusively challenging decisions of the IRS, which *is* a party to this lawsuit), so Plaintiff needn't satisfy that additional precondition to serve the United States.

[5] *See* FED. R. CIV. P. 4(i)(1)(A)–(B).

*See also, e.g.*, *Kennedy v. Navy Fed. Credit Union*, No. 5:23-cv-470, 2024 WL 1955994, at *1 (W.D. Tex.) ("To serve the United States, Plaintiff must serve *both* the United States Attorney for the Western District of Texas *and* send a copy of the Complaint and Summons to the Attorney General of the United States in Washington, D.C." (emphases added) (citing FED. R. CIV. P. 4(i)(1))), *report and recommendation accepted by* 2024 WL 2331824 (W.D. Tex. May 22, 2024).

The docket indicates that Plaintiff has at least satisfied Precondition (B), as Plaintiff's process server declares under penalty of perjury that he sent Plaintiff's Complaint and a summons to the Attorney General of the United States in Washington, D.C. by certified mail.[6] But it doesn't appear that Plaintiff has satisfied Precondition (A), as Plaintiff's "Proof of Service" contains no indication that Plaintiff's process server served the U.S. Attorney's Office for the Western District of Texas by one of the methods set forth above.[7] Plaintiff must comply with that requirement before this suit may proceed against the United States.

**II.   Plaintiff Hasn't Yet Validly Served the IRS**

Nor, as far as the docket reveals, has Plaintiff validly served the IRS yet. To serve a United States agency (like the IRS),[8] someone "who is at least 18 years old and not a party" to the suit[9] must both:

(1)   "serve the United States" in accordance with the procedures set forth above;[10] and

(2)   "send a copy of the summons and of the complaint by registered or certified mail to the agency."[11]

---

[6] *See* U.S. Proof Serv. at 1 ("I served copies of the Summons in a Civil Action; Plaintiff's Original Compliant [sic] . . . [b]y placing a true copy of each document in the United States mail, in a sealed envelope by Certified mail . . . [a]ddressed [to the] Attorney General of the United States[,] 950 Pennsylvania Avenue Northwest, Washington, DC 20530[.]" (emphasis omitted)); *see also supra* note 4 and accompanying text.

[7] *Compare* U.S. Proof Serv. at 1 *with* FED. R. CIV. P. 4(i)(1)(A)(i)–(ii).

*See also supra* note 4 and accompanying text.

[8] *See, e.g.*, *Vu v. IRS*, No. 15-cv-02397, 2016 WL 1573413, at *3 (S.D. Cal. Apr. 18, 2016) (confirming that the IRS is "a United States agency" for the purposes of Federal Rule of Civil Procedure 4(i)(2)).

[9] *See* FED. R. CIV. P. 4(c)(2).

[10] FED. R. CIV. P. 4(i)(2); *see also supra* Section I.

[11] FED. R. CIV. P. 4(i)(2).

Plaintiff hasn't satisfied either of those preconditions here.  As for Precondition (1), Plaintiff's process server hasn't validly served the United States for the reasons stated above.[12]  As for Precondition (2), although Plaintiff's process server reportedly served the IRS's mail clerk with the summons and the Complaint by *personal* service,[13] in-person service doesn't suffice to validly serve an agency under the Federal Rules of Civil Procedure; the Rules unambiguously require the plaintiff to send the agency "a copy of the summons and of the complaint by *registered or certified mail*."[14]

---

[12] *See supra* Section I.

[13] *See* IRS Proof Serv. at 1 (declaring that Plaintiff's process server "*personally* delivered" "copies of the Summons in a Civil Action [and] Plaintiff's Original Compliant [sic]" to "Tina Williams, Mail Clerk" at the IRS's headquarters in Washington, D.C. (emphasis added)).

[14] *See* FED. R. CIV. P. 4(i)(2) (emphasis added).

*See also, e.g.*, *Craft v. Saul*, No. 4:19-cv-00078, 2020 WL 534522, at *3–4 (D. Idaho Feb. 3, 2020) ("[T]he affidavit of service states the summons and complaint in this case were personally delivered to the United States agency . . . . [T]he Court finds Petitioner's counsel has not served the agency as required by Rule 4. . . . Under the plain language of the rule, service upon the . . . agency must be by 'registered or certified mail,' not by personal service.  The use of a process server to personally deliver the summons and complaint in this case does not satisfy Rule 4(i)(2).").

### III.   CONCLUSION

The Court therefore **ORDERS** Plaintiff to:

(1) validly **SERVE** both Defendants in accordance with Federal Rule of Civil Procedure 4[15] within the timeframe established by that Rule;[16] and then

(2) promptly **FILE** proof of such service on the docket.[17]

The Court respectfully **INSTRUCTS** the Clerk of Court's office to **DELETE** the docket entry on CM/ECF that erroneously suggests that the IRS was validly "served on 9/24/2024," and that the IRS's Answer is therefore "due 11/25/2024."

The Court likewise **INSTRUCTS** the Clerk's office to **DELETE** the docket entry erroneously suggesting that "[t]he United States of America [was validly] served on 9/25/2024," and that the United States's Answer is therefore "due 11/25/2024."

**So ORDERED and SIGNED this 8th day of October 2024.**

_____
DAVID C. GUADERRAMA
SENIOR U.S. DISTRICT JUDGE

---

[15] *See* FED. R. CIV. P. 4(i)(1)–(2); *see also supra* Sections I–II.

[16] *See* FED. R. CIV. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.").

*But see* FED. R. CIV. P. 4(i)(4) ("The court must allow a party a reasonable time to cure its failure to . . . serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States.").

[17] *See* FED. R. CIV. P. 4(*l*).